IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 11, 2003

## REGINOL L. WATERS v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2000-C-1267     Steve R. Dozier, Judge**

_____

**No. M2002-01712-CCA-R3-CO - Filed March 14, 2003**

_____

The petitioner, Reginol L. Walters, was convicted of aggravated robbery, aggravated burglary, and two counts of aggravated rape and, while his direct appeal was pending, filed a petition pursuant to Tennessee Code Annotated section 40-30-403 requesting forensic analysis of DNA evidence. The post-conviction court dismissed the petition, as well as a petition to reconsider, concluding that the petitioner could not proceed with his petition while his direct appeal was pending. Following our review, we conclude that the applicable statute does not prohibit the petitioner from proceeding simultaneously with a direct appeal and a petition for analysis of DNA evidence. Accordingly, we reverse the order of the post-conviction court and remand for consideration of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed
and Remanded**

ALAN E. GLENN, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JOE G. RILEY, J., joined.

Ross E. Alderman, District Public Defender, and Jeffrey A. DeVasher, Assistant Public Defender, for the appellant, Reginol L. Waters.

Paul G. Summers, Attorney General and Reporter; Christine M. Lapps, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Kathy Morante, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The petitioner was convicted in the Davidson County Criminal Court of two counts of aggravated rape, one count of aggravated robbery, and one count of aggravated burglary. While the

appeal of these convictions was pending with this court, but before the opinion had been issued,[1] the petitioner filed, pursuant to Tennessee Code Annotated section 40-30-403, a request for DNA analysis of evidence in possession of the State. The statute upon which the petitioner sought the examination, the Post-Conviction DNA Analysis Act of 2001, provides as follows:

> Notwithstanding the provisions of Part 2 of this chapter or any other provision of law governing post-conviction relief to contrary, a person convicted of and sentenced for commission of first degree murder, second degree murder, aggravated rape, rape, aggravated sexual battery or rape of a child, attempted commission of any of these offenses, any lesser included offense of these offenses, or, at the direction of the trial judge, any other offense, may at any time, file a petition requesting the forensic DNA analysis of any evidence that is in the possession or control of the prosecution, law enforcement, laboratory, or court, and that is related to the investigation or prosecution that resulted in the judgment of conviction and that may contain biological evidence.

Tenn. Code Ann. § 40-30-403 (Supp. 2001).

The post-conviction court denied the request, citing Tennessee authorities not allowing a petitioner simultaneously to pursue a direct appeal and post-conviction relief. Subsequently, the petitioner filed an unsuccessful motion to reconsider with the post-conviction court and, then, a notice of appeal with this court. Initially, this court denied the petition relying, as had the post-conviction court, upon the prohibition against simultaneously pursuing a direct appeal and post-conviction relief. However, *sua sponte*, we then withdrew our order of dismissal, appointed the Davidson County Public Defender to represent the petitioner, and directed the parties to file briefs with this court as to this issue. In those briefs, petitioner's counsel argues that the DNA Analysis Act specifically permits simultaneous direct appeals and requests for DNA analysis, and the State concurs, as do we.

Although Tennessee law is unchanged prohibiting a simultaneous direct appeal of a conviction and a post-conviction petition, the Post-Conviction DNA Analysis Act of 2001 appears to contain an exception, providing that such a petition may be filed "at any time." Accordingly, we conclude that the petition for DNA testing was not premature and may be maintained during the direct appeal process. We reverse the order of the post-conviction court dismissing the petition and remand for consideration as a timely petition.

_____
ALAN E. GLENN, JUDGE

---

[1]This court's opinion affirming the petitioner's convictions was filed on January 30, 2003. See State v. Reginol L. Waters, No. M2001-02682-CCA-R3-CD, 2003 WL 213777 (Tenn. Crim. App. Jan. 30, 2003).